## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.H., M.H. II, and X.H.**

**No. 19-0432** (Tyler County 18-JA-8, 18-JA-9, and 18-JA-10)

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.C., by counsel Patricia A. Kurelac, appeals the Circuit Court of Tyler County's March 4, 2019, order terminating her parental rights to A.H., M.H. II, and X.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, David C. White, filed a response on behalf of the children in support of the circuit court's order. Finally, respondent R.H., the children's paternal grandfather and legal guardian, by counsel Shane M. Mallet, filed a response in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in adjudicating her as an abusing parent and finding that she abandoned the children and in terminating her parental rights without considering a less-restrictive alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner abandoned her children. The DHHR alleged that petitioner left the children in the custody of their paternal grandfather on Christmas Day in 2017 and never returned to visit with the children. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

grandfather filed for guardianship in June of 2018, and guardianship was granted. Further, the DHHR alleged that petitioner did not provide the children with any financial or emotional support during this time.

In September of 2018, the circuit court held an adjudicatory hearing.[2] A DHHR worker testified that she interviewed the children and their guardian and ascertained that petitioner had not visited with the children or provided financial support since Christmas Day of 2017. The evidence showed that, beginning sometime in August of 2017, the children lived with one of the father's friends; however, this home lacked running water, and the friend struggled to provide for the children. The worker explained that the children were dropped off at the grandfather's home with only the clothes they were wearing and were suffering from lice and dental issues. According to testimony, all of the children needed glasses, and M.H. II experienced severe dental decay, which later required surgery. However, the evidence showed that petitioner refused to provide the children's medical cards to the guardian, despite a great need for care. Petitioner testified and explained that the children did not live in her home because she was selling and abusing methamphetamine and did not believe that the environment was safe for the children. Petitioner testified that she attempted to visit and call the children, but that they were not home during her attempts. Petitioner also asserted that she visited with the children in April of 2018 for Easter and spent the day with the children. Petitioner admitted that she did not provide financial support, but that the guardian insisted he did not need any support for the children. Testimony showed that petitioner lived approximately one mile from the children during this time. Ultimately, the circuit court found, by clear and convincing evidence, that petitioner abandoned the children and adjudicated her as an abusing parent.

The circuit court held a dispositional hearing in November of 2018, and petitioner moved for a post-adjudicatory improvement period. In support, petitioner testified and informed the circuit court that she was released from federal custody on probation and was seeking substance abuse treatment through the federal drug court program. Petitioner admitted that this was her first attempt at treatment in eight years of substance abuse. The circuit court read into the record a letter from ten-year-old A.H. that addressed petitioner's conduct and its impact on the child. During petitioner's testimony, she asserted that the letter contained false statements and believed that A.H. was prompted to write the letter. Petitioner asserted that she intended to continue her relationship with the father. The circuit court concluded that petitioner did not prove by clear and convincing evidence that she would fully participate in a post-adjudicatory improvement period and denied the motion. The circuit court then continued the hearing to take in camera testimony of A.H.

The circuit court held the final dispositional hearing in January of 2019. A DHHR worker testified at that hearing that petitioner had exercised no visitation with the children during the proceeding and had not participated in any services. Petitioner testified that she violated the rules of her substance abuse treatment program, her probation was revoked, and she was remanded to federal custody for an eighteen-month term, of which she had served seven months as of the time of the hearing. In camera, A.H. confirmed the authenticity of her letter and reaffirmed her

---

[2]Petitioner asserts that at the time of this hearing, she was being held in federal custody on unrelated criminal charges. She was, however, transported to this hearing.

statements regarding petitioner made therein. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because there was no reasonable likelihood that petitioner could successfully complete a case plan. Further, the circuit court found that termination of petitioner's parental rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights by its March 4, 2019, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that she abandoned her children and adjudicating her as an abusing parent. Petitioner asserts, as she did below, that she acted in the best interests of her children by not subjecting them to her methamphetamine use. Petitioner argues that she made a reasonable choice to place the children with their paternal grandfather who was a fit and suitable caretaker for the children. Petitioner avers that she visited and called the children following this decision and did not abandon them as alleged. We find petitioner is entitled to no relief.

In challenging her adjudication, petitioner argues that the circuit court lacked sufficient evidence to determine that she abandoned her children. This Court has held that

> "[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

---

[3]The father's parental rights were also terminated below. According to the parties, the permanency plan for the children is guardianship in the custody of their paternal grandfather.

3

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Further, West Virginia Code § 49-1-201 provides that abandonment "means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child." Considering this definition, we find no error in the circuit court's determination that petitioner abandoned the children.

The circuit court heard evidence that petitioner left the children in their grandfather's care and failed to provide any support for the children or their guardians. Despite living only one mile from the grandfather's home, petitioner recalled at the adjudicatory hearing that she visited the children only once after Christmas of 2017. Similarly, petitioner testified that she called the grandfather's home, but could never make contact with the children. On appeal, petitioner relies on her testimony at a dispositional hearing that she visited the children on four major holidays and a number of undefined "other occasions." "A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Here, the circuit court heard petitioner's testimony and the testimony of the children's guardian that petitioner did not visit or call the children and found the latter was credible. Nevertheless, petitioner's consistent defense that she transferred the children to the care of a more suitable adult so as to not subject them to her drug use is meritless, given that it illustrates petitioner's clear choice to pursue methamphetamine and drug sales over her parental responsibilities. Especially concerning is the evidence of petitioner's blatant refusal to provide the children's medical cards to their guardian, despite the children's need for medical intervention. The circuit court did not err in finding petitioner abandoned her children as her behavior demonstrated a "settled purpose to forego the duties and parental responsibilities" to the children.

West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(4) provides there is "no reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" when the abusing parent has "abandoned the child." As the circuit court's finding that petitioner abandoned the children has been affirmed by this Court, there is likewise no error in the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Additionally, as evidenced by A.H.'s letter, the children were severely emotionally affected by petitioner's conduct. The record supports a finding that termination was necessary for the welfare of the children. The termination of petitioner's parental rights on the basis of the circuit court's finding of abandonment is permitted by the statute, and, therefore, petitioner is entitled to no relief in this regard.

Finally, petitioner argues that the circuit court should have imposed some less-restrictive dispositional alternative, such as guardianship in the grandfather's custody until petitioner's release from incarceration. However, we have held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's required findings are supported by the record, we find no error in the circuit court's order terminating petitioner's parental rights rather than imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 4, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Chief Justice Tim Armstead